## SMITH v. LINN COUNTY.

1. **Fees:** DISTRICT ATTORNEY: FINES COLLECTED. A district attorney is entitled to the percentage provided in section 3775 of the Code upon fines and forfeitures collected through his agency, whether or not the money actually passes through his hands.

*Appeal from Linn District Court.*

TUESDAY, DECEMBER 14.

ACTION to recover thirty-one dollars and eighty cents as fees due plaintiff as district attorney on fines and judgments collected. Defendant denies the collection by plaintiff. Judgment for plaintiff; defendant appeals.

*J. C. Davis*, for appellant.

*M. P. Smith*, for himself.

ADAMS, CH. J.—There was evidence showing that although the fines and judgments in question were collected, the money paid thereon did not pass through the plaintiff's hands. The certificate of appeal presents this question: "Whether the district attorney is entitled to the percentage provided in section 3775 of the Code when the money or funds collected do not actually pass through his hands."

This is not the precise question argued by the counsel of the defendant, but it is the only one which we can properly determine.

The statute referred to gives the district attorney ten per cent upon all fines and forfeitures "actually collected by him." But the fines and forfeitures are not payable to him, and we see no reason why the money should pass through his hands. The fines and forfeitures, we think, are actually collected by him, within the meaning of the statute, when he is the efficient cause of imposing them and enforcing their payment.

What the fact may have been in the case at bar we do not inquire. Assuming from the question certified that the only objection to the plaintiff's recovery is that the money collected did not actually pass through his hands, we have to say that we think that the judgment of the District Court must be

AFFIRMED.