Smith, J.
The question submitted to us is, whether we ought now to issue a peremptory writ of mandamus requiring the defendant *371 as auditor to issue his warrant on the county treasurer, in favor of the relator, (who was the prosecuting attorney of this county from January 1, 1881, to January 1, 1883,) for the sum of $939.73, being 10 per cent, on the sum of $9,397.35, which it is alleged was received by said county from the state of Ohio, during his official term as such, as costs in criminal cases, tried while he was in office, and in which cases the defendants had been convicted and sent to the penitentiary. A general demurrer has been filed to the petition, and the question is thus raised.
The claim of the relator is based on section 1298 of the Revised Statutes, and the particular language on which it is founded first appeared therein. It reads as follows: “ In addition to his salary,” (which is provided for in section 1297) “ the prosecuting attorney is entitled to 10 per cent, on all moneys collected on fines, forfeited recognizances, and costs in criminal causes, provided that said commission shall not in any one case exceed $100.
And this and the preceding section are the revision of the. statute passed March 17, 1873, vol. 70 O. L., 67, which; after fixing the salary of the officer, says: “ Provided, that the county commissioners shall allow prosecuting attorneys 10 per cent, on all money collected on fines, forfeited recognizances, and costs collected of defendants in criminal cases; provided, further, that the sum to be paid to such prosecuting attorney as commission for collecting fines and forfeited recognizances shall not exceed $100 in any one case.” ■
It is admitted on all hands that under this statute of 1873, no claim of this character could properly have been made. It expressly provided- that such commission, so far as costs in criminal cases were concerned, could only be allowed, when such costs were “ collected from the defendant.” But it is urged here, that under the statute, as it now stands, it is clear that such officer has a legal and valid claim to the commission on the costs in criminal cases, received by the county from the state — that it is a collection of costs in criminal cases, and practically by the prosecuting attorney; and that there is no longer any limitation in the law that they must be collected of the defendant to entitle him to such commission, and *372 consequently that there is no reason why the relator should not be entitled to receive the same from the county.
Is this claim well founded? There certainly can be no ques-' tion but that it is a plausible one. The omission from the revising statute, of the words before referred to, to say the least of it, has the effect to make that doubtful which was before clear and explicit, and to render it uncertain whether the same meaning is to be given to the new statute as to the old. If the change in this respect was made by the commissioners appointed to revise the statutes in force in the state, and was done in the exercise of the power conferred upon them by the law under which^they were appointed, viz., “ to bring together all of the statutes and parts of statutes, relating to the same matter,” * * * * “ and to make alterations, supply omissions, and amend imperfections in the acts, so as to reduce the general statutes into as concise and comprehensive a form as is consistent with clear expression of the will of the general assembly, rejecting all equivocal and ambiguous words, and circuitous and tautological phraseology,” then it must be admitted that the change was not a happy one.
But the legislature adopted the sections as they now stand, and, it may well be, well knowing and intending the change ; and a construction must be placed upon it as it stands, looking at the language actually used, in the light cast upon it, if any, by the statute as it was before the revision, of the acts in pari materia, and of the decisions of the supreme court, as to the manner in which revising acts should be viewed by a court called on to construe and interpret them.
There has been no decision of our supreme court as to the meaning of the statute. If there had been, of course, it would have been unnecessary to raise the question here. In the argument of the case, however, counsel for the relator has stated to us, that several courts, whose judgments and adjudications are entitled to weight, and among others the district court of Licking county, have held that under the statute as it now stands, prosecuting attorneys are entitled to commissions in such cases. In the court of common pleas of Clermont county, as one of the members of this court has personal knowledge, a different conclusion was reached. How fully the matter was *373 presented to these different courts, we do not know, or what reasons were given for any of these holdings.
But while we concede that the question is one not free from doubt and difficulty, and which, as involving the interests of all of the counties of the state, and concerning which there is a difference in practice, ought to be passed upon by the supreme court, as at present advised, we have not been able to arrive at the conclusion, that it was the intention of the legislature, by this revision, to change the law so as to give to prosecuting attorneys a commission in such cases.
Our reasons for this, briefly stated, are these: In the first place we do not think that the reception of costs in this manner by the county from the state, is such “a collection of costs in criminal cases,” as is contemplated by the statute. And it is not a collection at all by the prosecuting attorney, and we think in reason and fairness, it should be done by him, or through his instrumentality, to entitle him to commissions thereon. It is so in all the other cases mentioned in this connection; the statute gives him the 10 per cent, on all moneys collected on fines, forfeited recognizances and costs in criminal cases.” So far as fines and costs are concerned, section 1273 provides, “ that in every case of conviction, he (the prosecuting attorney) shall forthwith cause execution to be issued for the fines and costs, or costs only, as the case may be, and faithfully urge the collection, until it is effected, or found to be impracticable; and he shall forthwith pay over to the county treasurer all moneys belonging to the state or county, which come into his possession for forfeitures, costs or otherwise.”
Here an absolute duty is imposed upon him. He is to put into operation the process of the law. If anything is collected, he it is who is to receive the money from the sheriff, or the defendant, and pay it to the treasurer, and it is for these services he is to be compensated by the commission thereon.
So as to the other collection mentioned, viz.: on forfeited recognizances. The same section, 1273, requires him to bring and prosecute on behalf of the state, all suits in which the state is a party, and section 7183, expressly requires this to be done to collect forfeited recognizances — and for this too, he is to be compensated by the commission.
*374 But when we come to the regulation of the mode and manner in which, in certain cases, the state refunds money advanced by the county in the payment of costs, he has absolutely nothing to do with it. He renders no service — he has no voice in the matter, and the money so refunded does not pass through his hands. It is paid by the sheriff or auditor of state, directly to the clerk (sections 7336-7). If in all the other cases where the commission is allowed, the object seems to be to compensate the officer for services rendered, on the doctrine of the maxim “ noscitur a sociis,” we would conclude that the same was the case in this instance, and that the legislature did not intend to adopt a different rule as to one, and to provide for payment to an officer who had rendered no service in its collection. And the idea that it was the object of this provision, to make the prosecuting attorney zealous in the discharge of the duties of his office, and to procure a conviction for a felony in a case where the defendant, if convicted of a misdemeanor only, could not, on account of his insolvency, pay the costs, ought not to be entertained for a moment. It is not at all probable that the legislature would offer such an inducement to an officer, whose duty it is to protect the rights of the citizen as well as those of the state. We have never had such a policy in our state, and it would be a step, and a long one, I think, in the wrong direction.
2. But we are further of the opinion that the reception of costs by the county from the state, under such circumstances, is not a collection of them, in the meaning of the statute. The prosecuting attorney is the representative of the state in the prosecution of crimes and offenses; and at the same time he acts in the interest of the county in which he is elected. So far as the prosecution of offenses is concerned, the interests of the two are, and should be identical. The state in the exercise of its sovereign power has seen proper to provide that in some cases the costs should be paid by the county without any return, unless they can be collected of the defendant. In others, it provides that the county shall advance them to the parties interested, but assumes to return to it the amount thus expended, if it can not be collected of the defendant. Now, if a claim is committed to an attorney for collection, *375 and'he recovers a judgment for his client, for the amount of the debt and costs incurred, but cannot collect either from the defendant, the payment of these costs by the plaintiff would hardly be considered a collection of them. The idea of a collection is the obtaining of the money due from the antagonist, and not from the client. It is true that in the matter now under consideration, the money received from the state for costs, comes into a treasury, distinct from that of the state, viz., of the county, a separate political organization, to carry on the business of the people residing therein, and thus puts that treasury in a better financial shape than it otherwise would have been, but this does not, under all the circumstances of the case, seem to us to be a sufficient reason for calling this a collection.
3. But looking at this statute itself as a revision of a former law, there is much reason to suppose, that the same construction should be placed upon it that would have been given to the original act. The general rule on this subject is well stated by Judge Okey, (himself a member of the commission which revised our statutes) in the decision of the case of Allen v. Russell, 39 O. S., 336. He says: “ where one or more sections of a statute are repealed, and re-enacted in a different form, the fair inference is, in general, that a change in meaning was intended, though even in such a case, the intention maj1, have been to correct a mistake or remove an obscurity in the original act, without changing its meaning. But when all the general statutes of the state, or all on a particular subject are revised and consolidated, there is a strong presumption that the same construction which the statutes received, or if their interpretation had been called for, would certainly have received, before revision and consolidation, should be applied to the enactment in its revised and consolidated form, although the language may have been changed,” and to these propositions he cites quite a number of Ohio cases — but he adds : “ Of course, if it is clear from the words, that a change in substance was intended, the statute must be enforced in its changed form.”
In the revision of this statute there was an evident attempt to comply with the law, and to bring together all the statutes *376 relating to the prosecuting attorney, his duties and his fees, and presumably to discharge all of the other duties imposed by the law on the commissioners. .
While the phraseology of the new statute differs in some particulars from that of 1873 thus revised, and there is some transposition of sentences, it is evident, we think, that the general meaning of the two is the same. In both it is provided that the prosecuting attorney be paid a salary — in certain counties a fixed sum, and in the others a sum to be regulated by the number of inhabitants, as shown by the last proceeding federal census, and these provisious are in substance the same in both acts. In addition thereto, both provided for a commission to the officer of 10 per cent, on all moneys collected on fines, forfeited recognizances and costs in criminal cases. The only differences between the two are, 1st, the omission of the words before referred to (“of the defendant”), 2nd, extending the provision that the commission in any one case shall not exceed $100 to costs in criminal cases, and 3rd, the omission (in terms at least) of the clause, which provided for the allowance by the county commissioners of these commissions, though, as I omitted to say, both laws provide that the salary and the times and installments in which it is to be paid, are to be fixed and determined by the county commissioners; and it is a question whether under this law as revised, the action of the auditor in issuing the warrant is not on the same principle to which we have referred, to be predicated on the action of the county commissioners, allowing the same — but this is not clear to our minds, and we do not decide it.
.But in view of the fact that the commissioners of revision were not called upon to make changes in the meaning of the laws, when that meaning was clear and explicit and not in •conflict with other statutes, and of the strong presumption which it is held arises, that it was not intended by the revision to change that meaning, and of the other reasons which we have assigned, it does not seem clear to us, that a change in the meaning of the law was intended by the legislature. 'The fact that courts have differed as to the meaning of the ■statute, and that gentlemen, learned in the law, although the statute has been in force for more than five years, have not *377 until very recently asserted such a claim, though drawing their salaries and percentages under its other provisions all the while, is one not without weight on this point, and tends to show that the construction now claimed for the statute is not the one which would naturally occur to a person,' even if interested to recover from the county all of the compensation which the law would give to him. We feel constrained therefore to refuse to issue the peremptory writ, and the petition will be dismissed.
O. Bently Matthews, for the relator.
Rufus B. Smith, county solicitor, for auditor.
Cox, J., dissented.