Cox, J.,
dissenting.
I am compelled to dissent from the opinion of the majority of the court in refusing to allow the writ in this case. I think it ought to be issued, and the auditor directed to pay the claim.
There is such a radical change made by the Revised Statutes upon this subject, as to force the idea that it was not an accidental or a mere verbal change, but one that had been considered and determined upon, to give a compensation to prosecuting attorneys different from that provided in former statutes.
By the former law this percentage was limited to that on costs collected from the “ defendant
Why shoulcj this word have been omitted from the revision if no change was intended ?
As it was before, it limited the percentage to a single source. The omission removes the limitation and extends it to costs, etc., collected from any source. It is true, in one sense, that the prosecuting attorney is the agent of the state as the prosecutor of criminal cases. But in another sense he is a local officer, elected in a county to represent the interests of the state in that county. In the cases he prosecutes, the costs are first paid out of the county treasury, and if collected, either from the defendant, or the state, are returned to the county to reimburse it for the costs so advanced. (R. S.,1305.) It is to the interest of the county that they be collected from *378 some source. And to secure that end better; some incentive to the officer in the way of additional compensation would seem to have been in the minds of the legislators. The state only agrees to refund costs to the county in cases where there has been a conviction of a penitentiary offense, and the convict delivered to the penitentiary.
The payment of additional compensation in cases of conviction may be, and is, an innovation in-the practice of this state. But it has been the law in the U. S. Government, and in almost all the states, to give to the prosecuting attorney or district attorney, an additional compensation in cases of conviction, as a reward for his vigilance. Most of the states provide a certain annual or per diem compensation to such officers, and an additional one in cases of conviction for different offenses, the amount varying according to the grade of the offense of which the prisoner is convicted.
Why may this not be done in this state ? It is only a different manner of compensating the officers, and this may be made as well by a percentage on costs collected on conviction, as to fix a gross sum per annum. And this universal practice in the different states may well have been the reason which operated in the minds of the legislature in making the change. An additional argument may be drawn from the fact that it has been the settled law of the state for years to authorize the county commisioners to allow fees to officers in cases where the state fails, and for expenses incurred in hunting persons charged with felony who have fled the country. Rev. Stats., secs. 1308 and 1309.
But it is said that this would be ah innovation on the long established policy of the state. So it is, and, therefore, it can hardly be conceived that the law would have been so changed, unless it was so intended. I grant that the general rule is that when a statute is revised and re-enacted, with slight verbal alterations, that the same construction is to be given in the revised and consolidated form, although the language has been so changed. But where it is re-enacted in a different form, and substantial words are omitted or added, which give an entirely different meaning to it, then the only inference *379 can be, that the legislature intends the change to be a substantial one, else it would not have been made.
But it is said that these costs were not collected. It is true that no suit was instituted, nor was there one necessary. The state has said by its statutes that whenever a convict is delivered from any county to the- state, it will repay to the county the costs which the county has expended in the conviction. If A. authorizes B. to expend money for him, and agrees to refund it, does not B. when he receives the money from A., either by himself or his agent, in reality collect it from A. ? It certainly is not necessary to institute a suit in order that the money so obtained shall come under the designation of a collection.
It is said, however, that these costs are not collected through the agency of the prosecuting attorney, and therefore he is not entitled to them.
It is admitted, however, that if the costs were collected from the defendant, that the prosecuting attorney would be entitled to his percentage. This has always been the practice. But how can it be contended under the statute, that when the costs are collected from the defendant, that it is any more through the agency of the prosecuting attorney than when repaid by the state ? While section 1273 provides that the prosecuting attorney shall issue an execution for costs and collection, it is also provided by section 7333 of the Revised Statutes, that in cases of conviction of felony the “clerk” shall issue an execution for the costs, which shall be served and returned by the sheriff, and the sheriff shall sell any property levied on, and pay out of the proceeds the costs.
Here, in the actual collection, the prosecuting attornéy does nothing, and yet he would under the old law and the present construction of the court of the revised law, be entitled to his percentage.
And so when the costs cannot be made of defendant on execution, they are refunded by the state on the certificate of the clerk. It is the execution issued by him which collects the money from the defendant, and the certificate from him which in the other case collects it from the state.
*380 In neither ease is it necessary for the prosecuting attorney, either to issue an execution, or certificate, or personally to receive the costs. He is the actor, the efficient agent in the return to the county where, as prosecuting attorney, he procures the conviction of the offender; the subsequent sentence, delivery to the warden of the penitentiary, and collection of the costs from the state, are but the effects of his efficient action. The case of Smith v. Linn County, 55 Iowa, 232, I think settles this principle.
But it is said that the state is the client of the prosecuting attorney, and the payment to him of a percentage on money refunded to the county, is not a collection for the defendant, but for his client. Admit this to be so. So is the salary which the state pays him, and if, in addition to that, she sees proper to give him an additional reward for vigilance in the conviction, and withhold it on non-conviction, who shall complain ? If the state holds out this additional inducement to the officers for vigilance, is it not like the contract which clients in civil life often make to ensure energy and vigilance in the prosecution of private claims, and which, inducing extraordinary labor and watchfulness, often repays far more than the outlay ?
I am informed that the construction I have placed on this statute has been carried out in a number of counties of the state. ' It has also been so held in a similar action in the district court of Licking county, a court- of co-ordinate jurisdiction with this court.
It is intimated that even if the relator were entitled to the amount, it should be in another form of action, on application to the county commissioners for the allowance. I can see no reason for this. While sec. 1297 provides that the salary of the prosecuting attorney shall be fixed by the commissioners, sec. 1298 allows absolutely in addition to his salary the percentage on costs. It does not require any additional allowance. The amount is ascertained, it is in the treasury, and the auditor is the proper person to call on to draw it out.
I think the writ should be awarded.